Filed 10/2/20  P. v. Celeya CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298988 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA268597) |
| v. | |
| JUAN CARLOS CELEYA, | |
| Defendant and Appellant. | |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, George Lomeli, Judge.  Affirmed.

Charlotte E. Costan, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Juan Carlos Celeya (defendant) of second degree murder and found true an allegation that he personally and intentionally discharged a firearm causing death or great bodily injury. After enactment of Senate Bill No. 1437 (Senate Bill 1437), defendant filed a petition for resentencing pursuant to Penal Code section 1170.95.[1] The trial court denied his petition without appointing counsel. We consider whether the jury's personal discharge of a firearm finding means defendant is ineligible for section 1170.95 relief as a matter of law.

## I. BACKGROUND

In July 2004, at a backyard party to celebrate a college graduation, a gang-related altercation broke out between two men. Defendant joined the fight in defense of one of the men, and one of the party-goers, Enrique Cruz (Cruz), sought to defuse the situation by pleading with the men to stop fighting. That didn't work, and Cruz was drawn into the fight.

As later found by a trial jury, defendant pulled a semi-automatic handgun and fatally shot Cruz. Described in legal terms, the jury convicted defendant and a co-defendant of the second degree murder of Cruz and the attempted willful, deliberate, and premediated murder of another guest at the party. The jury was instructed on the natural and probable consequences theory of murder, but the jury made a finding—alleged in connection with the count charging him with the murder of Cruz—that defendant personally and intentionally discharged a firearm causing great bodily injury or death

_____

[1] Undesignated statutory references that follow are to the Penal Code.

2

(§ 12022.53, subd. (d)).  The trial court sentenced defendant to a term of 115 years to life in prison.

On direct appeal, this court affirmed the judgment in an unpublished opinion.  (*People v. Pineda* (Dec. 12, 2011, B222913) [nonpub. opn.].)  The opinion explains "the prosecution's theory was that [defendant] shot Cruz, his [co-defendant] shot [the other victim], and [defendant] aided and abetted [the other victim's] attempted murder."  With regard to the personal use of a firearm sentencing enhancement, we held "sufficient evidence support[ed] the prosecutor's theory that [defendant] shot Cruz."

In January 2019, defendant filed a section 1170.95 petition seeking vacatur of his murder conviction.  Section 1170.95 was enacted as part of Senate Bill 1437, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The People opposed defendant's petition, contending in the main that Senate Bill 1437 was unconstitutional.  More pertinent for our purposes, the People also argued defendant was ineligible for section 1170.95 relief because the jury's findings establish he was Cruz's "actual killer," which meant he was not "[a] person convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)) and it was not true he "could not be convicted of first or second degree murder *because of* changes to Section 188 or 189 made [by Senate Bill 1437]" (§ 1170.95, subd. (a)(3), italics added).  Attached to the People's opposition were two exhibits:  a minute order

3

memorializing the jury's verdict in the underlying criminal case and our unpublished opinion in the prior *People v. Pineda* appeal.

The trial court summarily denied defendant's section 1170.95 petition on the papers submitted, without appointing counsel and without holding a hearing. The court reasoned "the petitioner herein was the actual shooter who was responsible for the victim's death. Thus, as the actual killer[,] Mr. Celeya is not eligible for sentencing relief pursuant to P.C. 1170.95." In addition, as a second and independent ground for denying the petition, the trial court concluded section 1170.95 is unconstitutional.

## II.  DISCUSSION

We need not discuss the trial court's incorrect constitutional ruling (see, e.g., *People v. Smith* (2020) 49 Cal.App.5th 85, review granted Jul. 22, 2020, S262835 (*Smith*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241) because the court was right that defendant is not eligible for section 1170.95 relief as a matter of law. The jury's finding that defendant personally discharged a firearm causing death or great bodily injury establishes defendant was not convicted of murder on a felony murder or natural and probable consequences theory and the amendments to the murder statutes (§§ 188, 189) made by Senate Bill 1473 would not stand as a bar to his conviction for murder. (§ 1170.95, subd. (a); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [affirming summary denial of section 1170.95 petition where the jury convicted defendant of second degree murder and found true a personal firearm discharge allegation that meant the jury found the defendant was the actual killer and the changes to sections

4

188 and 189 were "'inapplicable'"] (*Cornelius*).) That, in turn, means defendant was ineligible for relief as a matter of law and the trial court was within its rights to deny his petition without first appointing counsel.[2] (See, e.g., *Smith, supra*, at 92, rev. gr.; *Cornelius, supra*, at 58, rev. gr.; see also *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [holding Sixth Amendment inapplicable to sentence modification proceedings]; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 ["[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis"]; *In re Clark* (1993) 5 Cal.4th 750, 780 [constitutional due process guarantees demand appointment of counsel in postconviction proceedings "*if* a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause"], italics added.)

---

[2] Defendant maintains the trial court erred by relying solely on our prior opinion to conclude defendant was convicted of murder as the direct perpetrator. (But see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted Jan. 15, 2020, B296630.) On our own motion, we judicially notice the record in the prior *People v. Pineda* appeal, which defendant cites in his opening brief and which removes any need to discuss whether the trial court appropriately relied on this court's prior opinion to determine the prosecution argued defendant shot Cruz and the jury found defendant personally discharged a firearm causing death or great bodily injury. (See *People v. Selivanov* (2016) 5 Cal.App.5th 726, 774 ["We review the ruling, not the rationale . . ."].)

DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.